## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 21-CR-317-JFH** |
| **TRISTAN CHARLES BARLOW,** | |
| **ZACHARY CAUGHRON,** | |
| **JACOB TYLER SHOATE,** | |
| **CHRISTOPHER ALEXANDER RUFF,** | |
| **KOLBY GRAY MILFORD,** | |
| **RICHARD DWANE MARKHAM, JR.,** | |
| **and NATALIE NICHOLE FOUTCH** | |
| **Defendant.** | |

### OPINION AND ORDER

Before the Court is the Unopposed Motion to Declare This Case a Complex Matter ("Motion") filed by Defendant Richard Dwayne Markham and on behalf of Defendants Tristan Charles Barlow, Zachary Caughron, Jacob Tyler Shoate, Christopher Alexander Ruff, Kolby Gray Milford, and Natalie Nichole Foutch (collectively "Defendants"). Dkt. No. 96. Defendants request the case be declared complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) and to continue the scheduling order dates by one-hundred-eighty (180) days. For the reasons set forth, the Motion is GRANTED.

On September 19, 2022, Defendants were each indicted on one (1) count of drug conspiracy and one (1) count of possession of a firearm in furtherance of a drug trafficking crime. Dkt. No. 59. The discovery is anticipated to be voluminous, consisting of more that five hundred (500) gigabytes of data, to include: (1) records related to four Title III intercepts; (2) audio and electronic evidence related to the Title III intercepts; (3) surveillance reports and photos; (4) videos; (5) data extracted from at least ten electronic devices; (6) grand jury transcripts; (7) data

from social media search warrant returns; (8) vehicle tracker data; (9) audio and/or video recordings of post-arrest interviews; and (10) written law enforcement reports. Dkt. No. 96 at 2. The Government is processing and organizing the evidence and expects to begin the production of evidence in approximately thirty (30) days. *Id.* Defendants urge in their motion that the length of the investigation, the number of defendants, and the nature and amount of the discovery warrant a continuance of one-hundred-eighty (180) days. *Id.* at 3-5.

For the reasons set forth in the Motion, including those noted herein, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the Court finds that this is a complex case and that it is unreasonable to expect adequate preparation for pretrial proceedings and trial itself within the limits established by 18 U.S.C. § 3161. The Court further finds that the ends of justice served by granting the continuance requested outweigh the interests of the public and the Defendant in a speedy trial. Thus, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the ends of justice dictate that the period of delay shall be excludable in computing the time from which the Indictment was filed and the time within which the trial of this action must commence.

IT IS THEREFORE ORDERED that the Unopposed Motion to Declare This Case a Complex Matter filed at Dkt. No. 96 is GRANTED. The jury trial set for November 21, 2022 at 8:45 a.m. is stricken. The following amended scheduling order is hereby entered:

Joint status report regarding production of discovery due:        3/30/2023

Notices due:                                                      3/30/2023

 Including all notices required by FRCrP and FRE, including Rule 16, 404(b), 412, 413, 414 or 609

Motions and Objections to Notices due:                            4/6/2023

 Absent good cause, motions in limine shall be filed by this date

Motions for bill of particulars shall be filed pursuant to FRCrP 7(f)

| | | |
|---|---|---|
| Pretrial conference: | 4/27/2023 | at 9:30 am |
| Voir dire, jury instructions, stipulations, & trial briefs due: | 5/5/2023 | |
| Witness and exhibit lists exchanged between counsel and emailed to courtroom deputy (do not file): | 5/11/2023 | by 4:00 pm |
| Three hard-copy exhibit binders delivered to Court: | 5/11/2023 | by 4:00 pm |
| Jury trial: | 5/15/2023 | at 8:45 am |

Due to the Court's multi-district caseload, this schedule is relatively inflexible.

Pursuant to LCrR 12.1(E), any response shall be filed within seven days of any motion's filing.

Only one omnibus motion in limine and one motion to suppress per defendant is permitted without leave of Court.

The Court shall summarily deny without prejudice any motion that does not comply with LCrR 12.1(B), which requires a motion state on the first page whether or not opposing counsel objects to the motion.

The parties should meet and confer in good faith to discuss any stipulations that would streamline the issues at trial.  Any stipulations agreed to should be submitted by the date listed.

If the parties anticipate a lengthy pretrial/motion hearing, they are directed to promptly contact the Courtroom Deputy and the hearing will be reset.

If the parties anticipate a plea of guilty, they are directed to promptly contact the Courtroom Deputy and a change of plea hearing (separate from the Pretrial Docket Call) will be set.  The parties must provide a petition to enter plea of guilty and any plea agreement (if applicable) to the Court and file any superseding information (if applicable) at least three business days prior to the Change of Plea Hearing.

The parties are encouraged to review the Court's Criminal Guidelines.

IT IS FURTHER ORDERED that the time from November 21, 2022, inclusive, to May 15, 2023, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

Dated this 29th day of September 2022.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE