IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>TRISTAN CHARLES BARLOW,<br><br>    Defendant. | Case No. 22-CR-0317-JFH-1 |

**OPINION AND ORDER**

Before the Court is the Motion to Withdraw Guilty Plea ("Motion") filed by Defendant Tristan Charles Barlow ("Defendant"). Dkt. No. 202. For the reasons stated, the Motion is DENIED.

**BACKGROUND**

On September 20, 2022, the Government filed an indictment charging Defendant with: (1) one count of conspiracy to possess with intent to distribute clonazolam, cocaine, and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(c), and 846; and (2) one count of knowingly possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)A)(i). Dkt. No. 59. Subsequently, the Government filed a felony information, charging Defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(8). Dkt. No. 120. Defendant waived his right to be prosecuted by indictment on the felon in possession charge. Dkt. No. 125.

The parties entered into a plea agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Dkt. No. 129. Under the plea agreement, Defendant agreed to plead guilty to being a felon in possession of a firearm and the Government agreed to dismiss the remaining charges set forth in the indictment. *Id.* at 9-11. The parties stipulated that the appropriate disposition of the

case was a sentence of 27-33 months imprisonment. On March 9, 2023, Defendant appeared before Magistrate Judge Donald D. Bush and entered a plea of guilty to the felon in possession charge. Dkt. No. 126. A sentencing hearing is set for April 25, 2024. Dkt. No. 223.

Defendant now moves to withdraw his guilty plea, arguing that under the framework instituted by the United States Supreme Court in *New Yok State Rifle Association, Inc. v. Bruen*, 142 S.Ct. 2111 (2002), § 922(g) is unconstitutional, as applied to him. Dkt. No. 202 at 2.

## DISCUSSION

### A. Withdrawal of a Guilty Plea

A defendant seeking to withdraw a guilty plea prior to sentencing "bears the burden of establishing a fair and just reason" for his request. *United States v. Dominguez*, 998 F.3d 1094, 1103 (10th Cir. 2021); *see* Fed. R. Crim. P. 11(d)(2)(B) ("A defendant may withdraw a plea of guilty ... after the court accepts the plea, but before it imposes sentence if: . . . the defendant can show a fair and just reason for requesting the withdrawal."). In determining whether a defendant has presented a "fair and just reason" for his withdrawing his guilty plea, courts typically considered the following factors:

> (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether [he] delayed in filing his motion, and if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to [him]; (6) whether [his] plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources.

*Dominguez*, 998 F.3d at 1104. Beyond these specific factors, the Tenth Circuit has acknowledged that, while "motion[s] to withdraw a plea prior to sentencing should be freely allowed, [w]hether to permit withdrawal always and ultimately lies within the sound discretion of the district court." *Id.* (internal quotation marks and citation omitted).

Here, Defendant seeks to withdraw his guilty plea based on an assertion of innocence. Dkt. No. 202 at 2.[1] Notably, Defendant does not assert that he did not have close assistance of counsel, nor does he allege that his plea was involuntary. *Id.* This is consequential because the Tenth Circuit has held that, where a defendant fails to carry his burden "on asserted innocence, validity of the plea (whether it was given knowingly and voluntarily), and ineffective assistance of counsel," the Court need not address the remaining factors because they "speak to the potential burden on the government and the court, rather than the defendant's reason for withdrawal." *United States v. Sanchez-Leon*, 764 F.3d 1248, 1258 (10th Cir. 2014); *see United States v. Marceleno*, 819 F.3d 1267, 1272 (10th Cir. 2016) ("If the assertion-of-innocence, knowing-and-voluntary, and ineffective-assistance-of-counsel factors all weigh against the defendant, a district court need not consider the remaining four factors."). Accordingly, since Defendant makes no assertion as to the validity of his plea or the quality of assistance provided by his counsel, if he fails to carry his burden of proof regarding his assertion of innocence, the Court may conclude that he has not shown a "fair and just reason" to withdraw his plea. *Id.*

1. **Assertion of Innocence**

A defendant may satisfy this factor by asserting a claim of legal innocence. *Id.* at 1214. However, such a claim must be credible. *Id.* Where a defendant can show that he was convicted under an unconstitutional statute, the credibility requirement is met. *See Norton v. Shelby County*, 118 U.S. 425, 442, 6 S.Ct. 1121, 30 L.Ed. 178 (1886) ("An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal

---

[1] More specifically, Defendant states: "factually, Defendant is guilty of the crime charged . . . ." However, Defendant maintains that, based on the Third Circuit's interpretation of *New York State Pistol and Rifle Assn. v. Bruen*, 142 S.Ct. 2111, 213 L. Ed. 2d 387 (2022), as a non-violent felon, he is one of the class of people who have the right to bear arms under the Second Amendment of the United States Constitution. *Id.*

contemplation, as inoperative as though it had never been passed."). Here, Defendant's claim of legal innocence is based on his contention that § 922(g), as applied to him, violates the Second Amendment. Dkt. No. 202 at 2.

The Second Amendment provides that "the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008), the Supreme Court affirmed "that 'the people,' not just members of the 'militia,' have the right to use a firearm to defend themselves." *See Bruen*, 142 S. Ct. at 2157 (Alito, J., concurring) (discussing the "key point" of *Heller*). Specifically, the *Heller* Court opined that the Second Amendment protects "the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *Heller*, 554 U.S. at 635. In *Heller*, the Court was careful to observe that it wasn't casting doubt "on longstanding prohibitions on the possession of firearms by felons." *Heller*, 554 U.S. at 626. In 2009, the Tenth Circuit "applied this observation . . . to uphold the constitutionality of the federal ban on felons' possession of firearms." *Vincent v. Garland*, 80 F.4th 1197 (10th Cir. 2023) (discussing *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009)).

More recently, "the Supreme Court clarified the standard for applying the Second Amendment and reviewing firearm regulations." *See United States v. Mann*, No. 22-CR-01322-JCH, 2023 WL 6930435, at *1 (D.N.M. Oct. 19, 2023) (discussing *Bruen*, 142 S. Ct. at 2129). Under *Bruen*, in analyzing a Second Amendment challenge, courts are to apply a two-pronged approach, asking first whether "the Second Amendment's plain text covers an individual's conduct." *Bruen*, 142 S. Ct. at 2129–30). If it does, "the Constitution presumptively protects that conduct," and "the government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2130. The Court may uphold the regulation if the Government meets its burden. *See id.*

Defendant argues that under this framework, § 922(g), which prohibits possession of firearms by all convicted felons, is unconstitutional as applied to him because: (1) although our Nation's history supports disarming those "who have demonstrated a proclivity for violence," it does not support "disarming a person merely because they have engaged in felonious conduct;" and (2) although defendant is a convicted felon, his previous felony conviction was for a nonviolent offense. Dkt. No. 219 at 2 (citing *United States v. Forbis*, No. 23-CR-133-GKF, 2023 WL 5971142, at *6 (N.D. Okla. Aug. 17, 2023)).

The Tenth Circuit's recent decision in *Vincent v. Garland*, 80 F.4th 1197 (10th Cir. 2023) forecloses this argument. In *Vincent*, the Court considered whether *Bruen* overruled its earlier decision in *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009), in which it upheld the constitutionality of § 922(g). *Vincent*, 80 F.4th at 1199; *McCane*, 573 F.3d at 1047.

The defendant in *McCane* was a convicted felon, who was charged under § 922(g) after a firearm was discovered in his possession during a traffic stop. *McCane*, 573 F.3d at 1039. Citing the Supreme Court's decision in *Heller*, the Tenth Circuit rejected the defendant's constitutional challenge to § 922(g). *See McCane*, 573 F.3d at 1047. *McCane's* holding regarding the constitutionality of § 922(g) was based on specific language in *Heller*: *Id*.

> [Defendant] argues that in light of the Supreme Court's decision in *Heller*, in which the Court held that the Second Amendment provides an individual with a right to possess and use a handgun for lawful purposes within the home, § 922(g) violates the Second Amendment. The Supreme Court, however, explicitly stated in *Heller* that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons.").

In *Vincent*, the Tenth Circuit considered *Bruen's* impact on *McCane*, and concluded that: (1) *Bruen* addressed the constitutionality of a New York licensing scheme for carrying a handgun in public, not the ban on felons' possessions of firearms; and (2) the *Bruen* Court signaled that its decision did not implicate the constitutionality of the ban on felons' possession of firearms by

5

pointing out that the Court was not casting doubt on *Heller*, in which it recognized the constitutionality of such a ban, or questioning the constitutionality of "shall-issue" licensing regimes which "often require applicants to undergo a background check to ensure that the applicant is a law-abiding, responsible citizen." *Vincent*, 80 F.4th at 1202 (internal quotation marks and citation omitted). Based on *Bruen's* narrow holding and apparent support for the longstanding prohibition on the possession of firearms by convicted felons, the Tenth Circuit held that *Bruen* did not abrogate *McCane* and that *McCane* remains good law.

Although other circuit courts have reached different conclusions,[2] this Court is bound to apply Tenth Circuit precedent. *See Burlington N. & Santa Fe Ry. Co. v. Burton*, 270 F.3d 942, 947 (10th Cir. 2001); *see also United States v. Carrero*, 635 F. Supp. 3d 1210, 1215 (D. Utah 2022) ("This court is bound to follow Tenth Circuit precedent unless it is overturned by the Tenth Circuit or a superseding contrary decision by the Supreme Court.").

"Under *McCane*, [courts] have no basis to draw constitutional distinctions based on the type of felony involved." *Vincent*, 2023 WL 5988299, at *4. Rather, *McCane* "upheld the constitutionality of the federal ban for *any* convicted felon's possession of a firearm." *Id.*; *see also In re United States*, 578 F.3d 1195, 1200 (10th Cir. 2009) ("We have already rejected the notion that *Heller* mandates an individualized inquiry concerning felons pursuant to § 922(g)(1)."). Pursuant to *McCane* and *Vincent*, § 922(g) is not unconstitutional as applied to any convicted felon. Thus, § 922(g) is not unconstitutional as applied to Defendant.

2. **The Remaining Withdrawal Factors**

---

[2] *Compare United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023) (rejecting as-applied challenge to § 922(g)(1)) with *Range v. Att'y Gen. United States of Am.*, 69 F.4th 96 (3d Cir. 2023) (finding § 922(g)(1) unconstitutional as applied to the defendant).

Because Defendant has not demonstrated actual innocence, invalidity of his guilty plea, or lack of close assistance of counsel, he has not established a "fair and just reason" to withdraw his plea and the Court need not address the remaining withdrawal factors. *See Sanchez-Leon*, 764 F.3d at 1258; *see Marceleno*, 819 F.3d at 1272. The Court thus concludes that Defendant has failed to carry his burden under Rule 11(d)(2)(B) and Tenth Circuit precedent. Consistent with those authorities, the Court DENIES Defendant's motion to withdraw his guilty plea.

IT IS THEREFORE ORDERED that Defendant's Motion to Withdraw Guilty Plea [Dkt. No. 202] is DENIED.

Dated this 15th day of April 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE